# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURHAN ANDREA COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00209-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. 64)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, WITHOUT PREJUDICE<br><br>(Doc. 58) |

I.    Procedural History

Plaintiff Turhan Andrea Cook ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed February 16, 2007, against defendants Kern County Sheriff's Department, Officer Anton, and Officer Alarcon ("defendants") for relief for violation the Eighth Amendment.

On November 19, 2007, defendants filed a motion to dismiss for failure to exhaust. (Doc. 58.) Plaintiff filed an opposition on November 21, 2007, and defendants filed a reply on December 4, 2007. (Docs. 60, 62). On December 27, 2007 plaintiff filed a supplement to his opposition, which also included a motion seeking the appointment of counsel. (Doc. 64). Plaintiff's three previous motions seeking appointment of counsel were denied. (Docs. 21, 45)

///

II.   Motion for the Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

III.  Defendant's Motion to Dismiss for Failure to Exhaust

A.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,

1 Porter v. Nussle, 435 U.S. 516, 532 (2002).[1]

2   Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

   B.   Discussion

   At the time of the events giving rise to this action, the Kern County Sheriff's Department had an administrative grievance system for prisoner complaints. (Doc. 58, Exh. A). The Sheriff's Department's Administrative Grievance Procedure, and the form therefor, is set forth in Detention Bureau Policies and Procedures Manual, Policy I-200, entitled "Inmate Grievances," Id. (hereinafter the "Grievance Policy" and the "Grievance Form" respectively), and in the Kern County Sheriff's Department Departmental Policies and Procedures: Citizen Complaint Procedure No: D-600 (Doc. 58, Exh. B) entitled "Citizen Complaint Procedure." (Doc. 58, Etcheverry Dec, ¶ 3-5.)

   The Grievance Policy provides that a written "Answer to Inmate Grievance" shall be prepared. (Doc. 58, Exh A, p.1, ¶1.). The Grievance Policy also provides that an inmate may appeal any resolution of a written grievance. Id. The Grievance Policy provides that the matter may be appealed up to the Division Manager. (Id., p.4 ¶ 3- 4). The Grievance Policy additionally provides that, in responding to a grievance appeal, an Appeal Response Form shall be used, and that if "the person responding is the division manager, check the box at the bottom of the form that indicates the

---

[1] Plaintiff argues that the exhaustion requirement does not apply to him because he is only seeking monetary relief. (Doc. 64, p.2). Plaintiff also contends that his action is brought under 42 U.S.C. § 1983, and not 42 U.S.C. § 1997e(a), and that therefore the exhaustion requirement does not apply. (Doc. 64, p.2). Both arguments are without merit.

3

1  inmate has exhausted his/her administrative remedies." (Doc. 58, Exh. A, p.4, ¶ 4 to p.5, ¶1.)

2  The Eighth Amendment claim at issue in this action accrued sometime between February 13,
3  2005, when plaintiff was incarcerated, and February 24, 2006, when plaintiff filed suit.  Plaintiff
4  alleges that he was attacked on three separate occasions by other inmates.  Plaintiff alleges that
5  defendants disregarded a substantial risk of harm to plaintiff, and that defendants Anton and Alarcon
6  set up the plaintiff to be attacked.  (Doc. 33, pp.2-3).

7  In support of their motion, defendants submit that plaintiff filed ten grievances between
8  November 6, 2005 and April 20, 2006.  Defendants submit that the Sheriff's department responded
9  to each grievance.  Defendants state that plaintiff failed to file an appeal to the grievance responses
10 he received, and instead filed multiple grievances.  Therefore, defendants argue that plaintiff is
11 barred from pursuing this action for failure to exhaust the administrative remedies available.

12 In his Opposition (Doc. 60) and Supplement in Opposition (Doc. 64), plaintiff argues that
13 he filed over 30 grievances, the majority to which defendants did not respond.  Plaintiff contends that
14 there are many other "legal documents contained within the file's currently in possession of the
15 County of Kern"(Doc. 60, p.2).  Plaintiff contends that he did not receive responses to some
16 grievances which defendants contend were returned to plaintiff.  Plaintiff also contends that he did
17 not refuse to participate in a court-ordered deposition, but rather that he had filed a motion requesting
18 a stay of all current and future proceedings pending the appointment of counsel.[2]  Plaintiff states that
19 he "has already addressed the issues of exhaustion within his objection's to defendant's answer to
20 the summons and complaint",[3] and that he provided exhibits "demonstrating such administrative
21 remedies were exhausted to the best of plaintiff's ability". (Doc. 60, p.4).

22 In reply, defendants submit evidence that the County has no record of any other grievances

---

[2] Defendants moved on September 26, 2007 for an order granting the taking of plaintiff's oral deposition, in order to complete discovery.  Defendants motion was granted by the Court's order dated October 5, 2007. (Docs. 51, 54).  In their reply, defendants state that plaintiff's refusal to participate in the deposition is not relevant to this motion, as defendants do not require additional documentation from plaintiff to bring this motion.

[3] Federal Rules of Civil Procedure Rule 7(a) lists the pleadings allowed in Federal Court, and states "no other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer".  The Court will disregard plaintiff's Declaration in Opposition to Defendant's Answer to Amended Complaint (Doc. 55).

filed by Cook. ((Doc. 58, Barnes Dec., ¶5)).  Defendants argue that plaintiff has not submitted any evidence indicating that he filed any grievance which was not addressed through a response.  Further, plaintiffs argue that plaintiff never appealed any of the responses.

Defendants have set forth evidence that no record of any appeal filed by plaintiff concerning the claim in this action has been found. Id..  This is sufficient to shift the burden to plaintiff to demonstrate that he did exhaust.

Plaintiff submitted sixteen grievances with his Supplement in Opposition (Doc. 64), including the ten previously filed by the defendants in support of their motion.  Plaintiff contends that he filed these sixteen grievances, and that these grievances demonstrate that defendants have not provided a complete record of plaintiff's grievances with their motion to dismiss.  In addition, plaintiff argues that he did not receive responses to several of his grievances, and that on several of these grievances his signature has been forged.

This court has reviewed the sixteen grievances filed by the plaintiff.  First, it appears that none of the grievances are related to this present action concerning plaintiff's Eighth Amendment claim arising from the alleged attacks by other inmates on plaintiff.  The majority of these grievances concern the quality of food service provided, the actions of individuals not named in this action, and plaintiff's dissatisfaction with the medical treatment provided for injuries and/or ailments unrelated to this claim.  While plaintiff may allege that the conditions of his confinement as stated in his grievances are in violation of the Eighth Amendment, this is not the basis of his claim currently before the court.  Second, it appears that several of the grievances were filed after plaintiff commenced this civil rights action.[4]  Third, even if the grievances filed concern the events giving rise to this action, plaintiff has submitted no evidence that he filed an appeal to any of his grievances. Plaintiff alleges that he requested a Civil Complaint Form from facility staff but was told that it was not the facility's practice to provide such forms.  Plaintiff alleges that he was further misinformed

---

[4]Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk . . . ." Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)).

of the procedure by his attorney, who suggested to plaintiff that he research and file a civil rights action pursuant to 42 U.S.C. § 1983. Arguments or contentions set forth in a responding brief do not constitute evidence, see <u>Coverdell v. Dep't of Soc. & Health Servs.</u>, 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). Finally, plaintiff's statement that he was not at any time informed of the appeal process, which is unsupported by evidence, is insufficient to defeat defendants' motion.

IV.     <u>Conclusion and Order</u>

Based on the foregoing:

1. Plaintiff's motion for the appointment of counsel, filed December 27, 2007, is HEREBY DENIED; and

2. The court HEREBY RECOMMENDS that Defendants' unenumerated Rule 12(b) motion, filed November 19, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 14, 2008**            **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE